UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMBERT MILLS, | No. 2:14-cv-2322 MCE CKD PS |
|     Plaintiff, | |
|     v. | FINDINGS AND RECOMMENDATIONS |
| BANKERS LIFE AND CASUALTY COMPANY, | |
|     Defendant. | |

Pending before the court is defendant's motion for summary judgment. Because oral argument is not of material assistance, this matter is submitted on the briefs. E.D. Cal. L.R. 230(g). Upon review of the documents in support and opposition,[1] and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

In this action, removed from state court, plaintiff alleges a breach of contract claim, asserting that defendant failed to pay benefits under a long-term care insurance policy. Defendant

---

[1] Although afforded two extensions of time to file opposition (ECF Nos. 36, 38) and despite being specifically advised of the requirements for opposing a motion for summary judgment (ECF No. 38), plaintiff has filed no substantive opposition to the motion for summary judgment. See ECF Nos. 37, 39. On April 27, 2016, after the time allowed for filing an opposition, plaintiff filed a "supplement." ECF No. 41. The supplement provides information about other cases venued in other Districts in which defendant herein was also a named defendant. The supplement provides no probative evidence relevant to the pending motion for summary judgment.

1  moves for summary judgment. Defendant concedes that the parties to this action had a contract
2  of insurance and that plaintiff paid the requisite premiums. Defendant contends, however, that
3  plaintiff was not eligible for coverage under the terms of the policy and that therefore defendant
4  did not breach the contract. This contention is well taken.

5  Summary judgment is appropriate when it is demonstrated that there "is no genuine
6  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
7  Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by
8  "citing to particular parts of materials in the record, including depositions, documents,
9  electronically stored information, affidavits or declarations, stipulations (including those made for
10 purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R.
11 Civ. P. 56(c)(1)(A).

12 Summary judgment should be entered, after adequate time for discovery and upon motion,
13 against a party who fails to make a showing sufficient to establish the existence of an element
14 essential to that party's case, and on which that party will bear the burden of proof at trial. See
15 Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an
16 essential element of the nonmoving party's case necessarily renders all other facts immaterial."
17 Id.

18 If the moving party meets its initial responsibility, the burden then shifts to the opposing
19 party to establish that a genuine issue as to any material fact actually does exist. See Matsushita
20 Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the
21 existence of this factual dispute, the opposing party may not rely upon the allegations or denials
22 of their pleadings but is required to tender evidence of specific facts in the form of affidavits,
23 and/or admissible discovery material, in support of its contention that the dispute exists or show
24 that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed.
25 R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the
26 fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
27 governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,
28 Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

To prevail on the breach of contract claim, plaintiff must establish the following elements: the existence of the contract, performance by plaintiff, breach by defendant, and damages.  First Commerical Mortg.Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001).  Defendant concedes the first two elements but argues plaintiff cannot establish the third element.[2]

Plaintiff bears the burden of proving that his claim falls within the scope of coverage under the insurance contract.  See MacKinnon v. Truck Ins. Exchange, 31 Cal. 4th 635, 648

---

[2] Defendant also argues that plaintiff did not sustain damages.  Because plaintiff cannot prevail on the issue of breach by defendant, the court need not reach the issue of damages.

(2003).  In support of the motion for summary judgment, defendant has presented the declaration of Kim Martin with supporting exhibits.  ECF No. 33.  This evidence is uncontroverted by plaintiff as is defendant's separate statement of undisputed material facts.  ECF No. 31-2.

The evidence demonstrates that defendant issued a long-term care policy to plaintiff in 2001 with a 90-day elimination period.  ECF No. 33, Exh. 1.  Eligibility for benefits under the policy requires that the insured be "chronically ill" and receive "qualified long-term care services" as those terms are defined in the policy.  Plaintiff does not dispute that he received home care services on only five occasions over a period of 48 days.  Plaintiff cannot therefore establish that under the terms of the policy he met the elimination period.  Moreover, plaintiff does not dispute that the services he received were not provided by a "qualified home health care provider."  In addition, plaintiff was not "chronically ill" because he did not meet the definition of "functional incapacity" as that term is defined under the policy.

On the record before the court, there is no evidence from which a trier of fact could find that defendant breached the contract.  Plaintiff cannot prevail on an essential element of his cause of action for breach of contract for long-term care insurance.  Defendant is therefore entitled to entry of summary judgment.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 31) be granted;

2. Judgment be entered in favor of defendant; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 3, 2016

                        CAROLYN K. DELANEY
                        UNITED STATES MAGISTRATE JUDGE

4 mills2322.57